Good morning and may it please the court, on behalf of Mr. Moberly, I wish to thank the court for this opportunity to present his appeal. With this appeal, we ask that this court determine when a decision occurs from the Board of Veterans Appeals. More specifically, we ask this court to find that because 38 U.S.C. 7102 directs the board member to prepare a report and 7104 directs the board to mail a copy of that report to the claimant at his last known address, a decision cannot occur until the mailing to the last known address is completed. What about the language of the statute that says something like the decision is mailed? Doesn't that mean that there's already a decision before it's mailed? The statute, Your Honor, and I'll just, after reaching a decision, the board shall promptly mail a copy to the claimant. Right. So since it says after reaching a decision, the board shall promptly mail. So the decision pre-exists the mailing. So how can it be that there's no decision if there's no mailing? Your Honor, I think, and this is something that is very nuanced, I admit, but what we have to do is we have to consider the difference between 7102 and 7104. 7102 directs the board member to create a report of its determinations. That's the determinations that are on the findings of fact, conclusions of law under 7104 D.1. Then the decision itself is finalized. Counsel, I'm sorry to do this to you. I have to run to the ladies' room. Would you mind if we take a five-minute recess? Counsel, I apologize profusely. Let's reset the clock to 15 minutes. You get a do-over. Sorry for holding you up. Please, go ahead. Thank you, Your Honor. So, Judge Stoll, the answer to your question, I think, lies in the distinction between what 7102 requires and what 7104 requires. 7102 is the directive to make a determination on the proceeding in accordance with 7104 D. Then 7104 D, in turn, directs the Board of Veterans' Appeals to make findings of fact and of law on material issues presented to it and on the record. The determination, I think that there's an interchange of terminology here where, yes, in the general sense, a decision has been made on those specific findings of fact and law, but they're really determinations under 7102. They prepare the report. Counsel, I'm sorry. This is a tortured reading of 7104. I mean, D says you're going to make a decision. It's going to have these facts. And E says that you're going to, after reaching a decision in the case, you're going to mail it to the claimant at his or her last known address, which was done here. It was mailed. The decisions dated March 20, 2018. The mailing post stamp is March 22, 2018, to the address they have on record your client provided. Is it not also your client's responsibility to always keep the court apprised as to what their current address is because it was returned undeliverable because he'd moved? Is it your argument that a decision written by a judge doesn't become a decision if the claimant moves and doesn't tell the court where he is? No, Your Honor. This case is distinguishable, and I get your point, but I do think that what we're asking this court to hold in this case will apply in very, very limited cases. And going forward, not very many, and I'll explain why in a minute. First off, the decision that was, the report that was put in the mailbox came back from the post office, and the post office told the VA, here's his new address. It's the exact same address where he was when the 2020 report was mailed, the exact same address when he submitted the additional evidence the year later. Yes, but he could have asked for an equitable polling, correct? He could have, Your Honor, except that he never got the report. And that's where this case is distinguishable and why we're asking for relief in the manner that we are. When you say he never got the report, like still to this day? Well, he has it now that this proceeding has begun at the court, Your Honor. But whether he got the physical report or not that was drafted in 2018 is irrelevant because the board sent a different report in 2020, and that's in response to the 2013 claim. So what, and what makes this case distinguishable is... I feel like, with Judge Gonsalvego in the tortured part, I feel like you want a really generalized, sympathetic set of facts, but the problem I have is there exists a remedy for the sympathetic set of facts you have, and it just, the remedy just wasn't pursued. Your Honor, the reason that the remedy, and I think you're speaking of appealing the 2018 decision late and ask for tolling, the reason that that's not available is because a subsequent determination, a subsequent report was prepared on the exact same claim and for, under our understanding, and what we're asking this court to interpret the statutes to say, he never got that report. And so because it's in the legacy claims processing system, the board still has to account for any additional evidence that's received under the, before the decision has been done. If he submitted, in September of 2019, a supplemental claim that references the denial, then was he not aware by September of 2019 that his 2018 claim had been denied? He... Or was he just assuming that because he never heard? I understand the fact that his representative put that date on the supplemental claim form, I think, is irrelevant to this question, which is, was a decision made? Whether or not the report was in the record that was given to the representative does not equate to the board performing its obligations of mailing it to his last known address. And I think it's really important that we understand that when the report came back, the VA did nothing. They didn't send it back to the new address. That's conceded by the Secretary... In 1942, and I think it's the same supplemental claim that Judge Benson-Mango is referring to, it expressly references that decision. So obviously, he and his representative were aware of it as of, what's the date? September 2019, sometime? Yeah. Right, right. Yes, Your Honor. But being aware of... And he never knew. Right then and there. That's true if the decision meets the standards for the statute. And our argument is that because it was never mailed to his last known address, which the VA knew, it was not a decision under the statute. And until a decision is made that checks all the blocks, that completes every step, not just most of the steps, but every step, a decision has not been rendered, and he cannot appeal it. But if we disagree with that interpretation, that's the end of the case, right? Yes, Your Honor. Absolutely. That is, okay. Absolutely, Your Honor. And we understand that. And so the... I just don't understand. The 2018 version of 7104E that you rely on says, after reaching a decision on the case, the board shall promptly mail a copy. I mean, it makes it clear that the decision has already been reached, and that a copy will be mailed. You don't have a decision until it's mailed. A copy will be mailed. Correct, Your Honor. That is the words. But again, we have to look at how 7104 discusses or identifies what is being prepared. 7102 says to prepare the report, which then 7104 turns into a decision. 7104D says decision. 7104E says decision. But the way that we... What we're asking this court to do is to interpret the two statutes to be talking about the written report under 7102, and that the decision does not happen until the mailing occurs. I'm having a hard time even looking at those two statutes and agreeing with you on this, to be honest. The fact that one statute refers to a report and the other one refers to a decision, to me, doesn't make it so the decision under E1 is not, in fact, a decision until after it's mailed. Yes, Your Honor. And I appreciate that. And again, it's a very nuanced argument and... You say nuanced. I say frivolous. Do you have anything further? Well, the only thing that I have left, Your Honor, is to address what the Veterans Court ruled. The Veterans Court ruled that the March 2018 board decision became final on the date that the stamp was affixed to it. They're relying on 20.1100A, which the government also relies on. But the only thing that we would address in that context is that the pertinent language is that the decisions are final on the date stamped on the face of the decision, not when the date is stamped on it. And we think that that's an indication that, again, the decision has to occur before the date that's affixed to it can represent the finality of it. Well, what date would have been stamped on there other than the date that the judge signed it and said, this is my decision? Well, they would have, as happened here, a second report was prepared in 2020 on the same claim. And so the final decision date would have been the 2020 decision that was eventually appealed to the Veterans Court and is now before this court. And I think that the other point that we would make is, as we addressed in our briefing, 3.160 talks about what is a final decision, finally adjudicated claim. It's either you don't appeal or disposition on appellate review. And again, the disposition, referring back to 7102, where it talks about the report shall constitute the final disposition of the proceeding. And we think that by using the same language, the same term, that the Secretary in his regulation was acknowledging that the report is the determination and the disposition, and then the decision itself occurs after all the steps have been performed under 7104. I will reserve the rest of my time for rebuttal. Very good. Is it Beckridge? Yes, Your Honor. Did I say it right? Yes, Your Honor. Oh, good. Mr. Beckridge, go ahead. Good morning, Your Honors. May it please the Court. The Court should affirm the Veterans Court decision based on a straightforward reading of 38 U.S.C. 7104 and 38 C.F.R. section 20.1100A. As Your Honors point out, the statute makes clear that the obligation to mail occurs after a decision has been rendered. In other words, the fact that there is a decision is a trigger for the obligation to mail. The statute doesn't say that the mailing of the decision somehow otherwise turns a non-final decision final. You agree with what I said, right? There could have been equitable tolling. There are circumstances exactly like this are prime candidates for equitable tolling of failure to timely appeal. Absolutely, Your Honor. The Veterans Court addressed that in Boyd and says that if there's a mailing defect, that is the effect. If there's tolling of the appeal period, I believe that 38 U.S.C. 7266. Anything else? I have no further questions. Okay. Please continue. You have some rebuttal time. Thank you, Your Honor. I do have a few points that I just want to make sure the court considers before their decision. In the legacy system, the record contains everything that the VA receives. Here, again, because no decision had occurred, the extra evidence should have been remanded back to the agency, the lower agency, for the supplemental statement of the case per the statute 7105E1. Equitable tolling is only applicable if the decision is actually made and he actually receives it. The last point that I would make is that I would ask the court to consider that this is no different than if the VA had prepared the report and never put it in the mailbox. This is the exact same from a practical standpoint. If that had occurred, then there can be, I think it would be a stretch to say that a decision had been made, simply because findings of fact and conclusions of law were made does not make a decision. Does the statute say when it's not mailed, there's no final decision? It doesn't say that, Your Honor, but we think again that because 7104D has that final step of mailing it to the last known address, here we know that the VA knew of a different last known address. They never sent it to him until 2020 when they sent the second report that, as we put in our brief and argued to the Veterans Court, they applied the wrong rules. They applied the wrong record. They held them to a different standard of a reconsideration under 5108 as opposed to an original claim. So with that, we thank the court and ask to set aside the court's decision and remand for a supplemental statement of the case.